[No. B075018. Second Dist., Div. Four. Oct. 23, 1995.]

JOHN A. BAUGHMAN, Plaintiff and Appellant, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Respondent.

## COUNSEL

Ginsburg & Hlywa and Evan L. Ginsburg for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Barry D. Ladendorf and Heidi R. Weisbaum, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**VOGEL (C. S.), Acting P. J.**—By administrative decision real party in interest Medical Board of California revoked the medical license of appellant John A. Baughman, M.D., following the filing and serving of an accusation of misconduct which Baughman failed to answer. After receiving notice of the decision revoking his license, Baughman filed the instant action, in the nature of a petition for writ of administrative mandamus, to set aside the board's decision on the ground Baughman was not properly served with the accusation, and thereby was deprived of due process notice and opportunity to defend. Upon reviewing declarations and documentary evidence, the trial court denied Baughman's petition, finding that the accusation

was served on Baughman in conformance with the applicable statute, Government Code section 11505, subdivision (c), by certified mail at Baughman's mailing address on file with the board. We affirm.

## BACKGROUND

Real party in interest Medical Board of California, Division of Medical Quality, California Department of Consumer Affairs, is responsible for regulating and disciplining physicians, and may suspend or revoke the license of a licensee whose default has been entered and who has been found guilty of misconduct. (Bus. & Prof. Code, §§ 2001, 2002, 2004, 2220, 2227.)

By regulation, the board requires that "Each person holding a certificate, license, permit or any other authority issued under the Medical Practice Act shall file his or her proper and current mailing address with the division in its principal office, and shall immediately notify the division at its office of any and all changes of mailing address, giving both the old and new address." (Cal. Code Regs., tit. 16, § 1303.)

Government Code section 11505 provides the method for service of an accusation in administrative hearings such as the board's. Subdivision (a) states that "upon the filing of the accusation the agency shall serve a copy thereof on the respondent as provided in subdivision (c)." Subdivision (c) provides, "The accusation and all accompanying information may be sent to respondent by any means selected by the agency. But no order adversely affecting the rights of the respondent shall be made by the agency in any case unless the respondent shall have been served personally *or by registered mail as provided herein,* or shall have filed a notice of defense or otherwise appeared. Service may be proved in the manner authorized in civil actions. *Service by registered mail shall be effective if a statute or agency rule requires respondent to file his address with the agency and to notify the agency of any change, and if a registered letter containing the accusation and accompanying material is mailed, addressed to respondent at the latest address on file with the agency."* (Italics added.)

After receiving information of professional misconduct by Baughman, the board's senior investigator Valerie Vetter made numerous unsuccessful efforts between January and August of 1991 to contact Baughman personally to discuss the allegations. Vetter sent a letter by ordinary mail to the address on file with the board, a post office box in Palm Springs. Directory assistance provided a possible office address on El Paseo in Palm Desert, but a

letter, telephone call, and personal visit to the El Paseo address failed to confirm Baughman had an office there. The post office provided a successor post office box number and a residence address. Vetter visited the residence address and left a business card. In August 1991, Vetter sent letters by certified mail to both the post office box and the residence address, both of which were returned unclaimed.

On December 11, 1991, the board filed an accusation of professional misconduct and served it by certified mail[1] to the post office box in Palm Springs, the mailing address on file with the board. The envelope was returned "unclaimed," with an indication the post office sent three notices on December 14, December 19, and December 31, 1991.

Baughman failed to submit a notice of defense, and on April 13, 1992, the board rendered a default decision finding Baughman guilty of misconduct and revoking his license, effective May 13, 1992, subject to Baughman's making a showing in mitigation. The board's decision was mailed on April 13, 1992, by certified mail to the same Palm Springs post office address. That mail was picked up. Baughman subsequently admitted receiving the decision. Baughman claimed that was the first he became aware of the accusation. Baughman made conflicting statements about his failure to receive the accusation. In a personal letter to the board dated May 4, 1992, Baughman stated, "First I would like to explain that the previous registered letter was not picked up because the girl picking up the mail at that time didn't understand the notices." On May 14, 1992, Baughman made a tape-recorded telephonic statement to senior investigator Valerie Vetter, stating "that his bookkeeper picked up his mail at his post office box." In his declaration dated June 9, 1992, filed in support of his petition, he stated he worked at three locations and that "I did receive mail at a post office box in Palm Springs, because of my three (3) locations, and I have had some serious problems with the post office box in obtaining my mail. It had taken me in the past up to 20 minutes to receive my mail, and I had been receiving a series of harassing type mail from a medical manufacturer, and I had refused to accept any more registered letters from that individual. Therefore, when I received notice that a registered letter was to be picked up, I did not pick it up." In the May 14 telephone conversation with investigator Vetter, Baughman "said that he was at fault for not picking up his mail."

---

[1]Government Code section 8311 provides, "Wherever any notice or other communication is required by any law to be mailed by registered mail to or by the state, or any officer or agency thereof, the mailing of such notice or other communication by certified mail shall be deemed to be a sufficient compliance with the requirements of such law."

## Discussion

■    As the trial court observed, the uncontradicted evidence shows the board served the accusation by certified mail at the address on file with the board, which fully complies with the method of service authorized by Government Code section 11505, subdivision (c).

Baughman contends he did not actually receive notice of the accusation, and that without actual notice to him the board lacked jurisdiction to process the accusation by default. He further contends that if Government Code section 11505 authorizes service without actual receipt or actual notice, it violates due process of law. There is no merit to these contentions. A case squarely in point, *Evans* v. *Department of Motor Vehicles* (1994) 21 Cal.App.4th 958 [26 Cal.Rptr.2d 460],[2] holds that Government Code section 11505 is constitutional and that actual notice is not required.

"The statute does not require proof of service in the form of a return receipt signed by the party or other acknowledgment of receipt by the party, unlike other statutes governing service by mail. (See, e.g., Code Civ. Proc., §§ 415.30, 415.40, 417.10, 417.20 . . . .)" (*Evans* v. *Department of Motor Vehicles*, *supra*, 21 Cal.App.4th at p. 970.)[3]

Due process of law does not require actual notice, but only a method reasonably certain to accomplish that end. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. (*Evans* v. *Department of Motor Vehicles*, *supra*, 21 Cal.App.4th at pp. 967, 971.) Because the licensee has both the power and the obligation to keep the board informed of the mailing address where notices may be sent, the method of service provided by Government Code section 11505 is reasonably calculated to give the licensee notice of the accusation. (21 Cal.App.4th at p. 968.) It therefore satisfies due process. (*Id.* at p. 971.) Here, as in *Evans,* the uncontradicted evidence shows the accusation was "in fact delivered" to the official address of record; the fact that Baughman "did not personally receive the accusation" does not establish lack of due process. (*Id.* at pp. 971-972.) Furthermore, the record here shows that Baughman either delegated to someone else the duty to pick up the mail or deliberately refused to pick up his mail.

---

[2] Review denied March 31, 1994, certiorari denied October 3, 1994 ___ U.S. ___ [130 L.Ed.2d 43, 115 S.Ct. 92].

[3] Baughman misplaces reliance on *Stamps* v. *Superior Court* (1971) 14 Cal.App.3d 108 [92 Cal.Rptr. 151]. That was a civil action, where the applicable statute, Code of Civil Procedure section 417.20, required actual delivery or a signed receipt.

## DISPOSITION

The judgment is affirmed.

Hastings, J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.