[No. B081319. Second Dist., Div. Two. Nov. 13, 1995.]

MANSOUR JAHANGIRI, Plaintiff and Appellant, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

McKenna & Cuneo, Tom Curtis, Douglas W. Otto and Dennis A. Fischer for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Alvin J. Korobkin, Assistant Attorney General, Nancy A. Stoner and Elisa B. Wolfe, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**NOTT, J.**—Appellant Mansour Jahangiri, M.D., appeals from the denial of his petition for a writ of administrative mandamus following the revocation of his medical license by respondent Medical Board of California. In this case we are asked to determine whether, under Government Code section 11523,[1] payment for transcript preparation must occur at the same time the request to prepare the record is submitted to the Office of Administrative Hearings (OAH) in order for the clause extending the statute of limitations contained within that section to apply. We conclude that payment need not be simultaneous, and we reverse.

### CONTENTIONS

Appellant urges that (1) the trial court erred by denying the petition as untimely filed, (2) he was persistent in his attempt to secure a timely transcript, and (3) respondent's decision was erroneous.

### FACTS AND PROCEDURAL BACKGROUND

The factual recitation will be brief since only the procedural facts are necessary to the disposition of this matter.

On August 31, 1989, an accusation alleging that appellant had violated Business and Professions Code sections 2234, subdivision (b), 2234, subdivision (e), 2252, 2253, 2264; and Health and Safety Code sections 1707.1 and 1714 was filed. Beginning on August 16, 1991, and continuing thereafter until January 27, 1992, a hearing was held before an administrative law judge.

The administrative law judge determined that appellant was guilty of unprofessional conduct by reason of his grossly negligent treatment of a cancer patient, that he aided and abetted unlicensed persons in the practice of medicine, that he prescribed unapproved medications and that he committed dishonest acts in connection with a purported physician's assistant. The administrative law judge issued a proposed decision revoking appellant's license to practice medicine.

---

[1] All further statutory references are to the Government Code unless otherwise stated.

On November 6, 1992, respondent adopted the proposed decision of the administrative law judge and mailed its decision to appellant. The decision became effective on December 6, 1992.

On December 7, 1992, appellant's counsel filed a petition for writ of administrative mandamus in the superior court. Among other things, appellant urged that the revocation of his medical license should be set aside because (1) prejudicial delay occurred before respondent filed its accusation, resulting in an unfair hearing, (2) respondent failed to apply the proper standard of proof, (3) the weight of the evidence showed that appellant did not attempt to treat the patient's cancer nor did he prescribe unapproved medications to the patient, and (4) appellant did not employ a student enrolled in a physician's assistant program as a physician's assistant.

According to a declaration of Tobi Sansone, an office assistant employed by the OAH, in January 1992, she advised Peter Ludwell, a paralegal who worked for appellant's counsel, that no transcript preparation would commence until payment for a transcript was tendered. At that time, Ludwell paid for an expedited partial transcript which was then delivered to him. Subsequently, on November 16, 1992, Ludwell came to Sansone's service window and asked how much it would cost to order the administrative record, including the administrative hearing transcript and exhibits, for purposes of appealing the board's decision. Sansone provided him with an estimate of $5,500. On November 25, 1992, Ludwell filled out the form for requesting administrative hearing transcripts and administrative records on appeal. When Ludwell did not tender payment, Sansone advised him that no transcript preparation would begin until he tendered the estimated fee for the transcript. Ludwell said he would return to pay for the transcript but did not return until January 8, 1993. In the meantime, Sansone informed the court reporter service that there had been a request for preparation of the transcript but that the fee had not yet been paid.

When he returned on January 8, 1993, Ludwell was accompanied by a Michael Bayan who tendered the check for $5,500.[2] Sansone told Ludwell that the transcript would be ready in about 60 days. Attached to Sansone's declaration are notes memorializing her conversations with Ludwell and Bayan. On March 22, 1993, Sansone received one telephone call from Bayan asking that he be notified when all the volumes of the administrative hearing had arrived. The transcript was delivered on April 15, 1993.

The hearing on the petition was scheduled for February 10, 1993. On January 10, 1993, present counsel was substituted in and on February 4,

---

[2]Bayan's relationship to appellant is unclear. In a declaration, he refers to himself merely as "responsible for communicating with legal counsel on Dr. Jahangiri's behalf."

1993, he made an ex parte application for a continuance. The application was denied. Because the transcript was not ready, appellant dismissed the action without prejudice on February 8, 1993. The petition was refiled on May 14, 1993, and was heard on September 29, 1993.

On October 8, 1993, the trial court denied the petition as untimely filed. The statement of decision reflects that the trial court received into evidence original administrative hearing exhibits and transcripts, and considered the declarations of Bayan and Sansone. It stated: "(1) the October 5, 1993 Declaration of Tobi Sansone, transcript clerk for the Office of Administrative Hearings in Los Angeles, establishes that petitioner did not promptly pay a requested fee when the order for transcript was made; (2) although the transcript was not prepared within the statutory time Government Code [section] 11523, petitioner did not seek any remedy with the court to have the transcript prepared more quickly; (3) the delays in this case do not amount to laches on the part of respondent."

This appeal follows.

### DISCUSSION

■ " 'The time period within which a mandamus petition must be filed is a statute of limitations and the rules regarding limitations of actions are applicable to mandamus proceedings.' [Citation.]" (*California Standardbred Sires Stakes Com., Inc.* v. *California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 756 [282 Cal.Rptr. 656], review den.) " 'When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period.' [Citation.]" (*Ibid.*)

Under section 11523, in effect at the time in question, a petition for judicial review shall be filed within 30 days after the last day on which reconsideration can be ordered. Reconsideration may be ordered 30 days after the delivery or mailing of a decision to the petitioner. (§ 11521, subd. (a).) Section 11523 further states that "[t]he complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days after a request therefor by him or her, *upon the payment of the fee* specified in Section 69950 . . . for the transcript, the cost of preparation of other

portions of the record and for certification thereof." (Italics added.)[3] The period in which to file the petition is extended "[w]here petitioner, within 10 days after the last day on which reconsideration can be ordered, *requests* the agency to prepare all or any part of the record." (Italics added.) In that case, the time within which a petition may be filed shall be extended until 30 days after its delivery to petitioner. (§ 11523.)

■ At issue is whether under section 11523, payment to the OAH for transcript preparation must occur at the same time the request to prepare the record is submitted in order for the extension period to apply. ■ The first step in determining the Legislature's intent in drafting a statute is to look to the plain language of the law. (*Hartford Fire Ins. Co.* v. *Macri* (1992) 4 Cal.4th 318, 326 [14 Cal.Rptr.2d 813, 842 P.2d 112].) ■ The pertinent clause requires the petitioner to "request" the agency to prepare the record, in order to extend the time period in which to file the petition. Unlike the clause concerning the agency's preparation of the record, which expressly states that the complete record shall be prepared after a request, *upon payment of the fees,* no contingency is attached requiring payment upon the submission of the request. Therefore, under the terms of the statute, payment for the record is not required at the time the request is made.

Furthermore, case law does not address whether the request is deemed made at the time the request to prepare is submitted, but merely holds that the time allowed to the petitioner to file his petition is extended by the request to prepare the record. (See, *Eichman* v. *Escondido Union High School District* (1964) 61 Cal.2d 100, 101 [37 Cal.Rptr. 199, 389 P.2d 727]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 304 [196 P.2d 20].)

This interpretation is consistent with the transcript request form commonly used by the OAH, and used in this case. The form, which contains a caption onto which the petitioner can transcribe his or her mailing address, instructs: "To request a price estimate for copies of transcripts or duplicate copies of tapes (if recorded) including log, please complete the following information and forward to the address checked below." It follows that the transcript can be requested by mail, and a price estimate for copies of transcripts may be obtained by forwarding the request to one of the OAH's offices. Therefore, the form itself makes clear that a request may first be submitted, and the fees paid afterward.

Further support is found in California Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) section 8.6, page 258, which states that payment

---

[3]The 1994 amendment to section 11523 substituted "Office of Administrative Hearings or the agency and shall be delivered to petitioner, within 30 days, which time shall be extended for good cause shown" for "agency and shall be delivered to petitioner, within 30 days."

for the record preparation may, and should, accompany the request so that the preparation of the record will not be delayed. The publication does not state that the statute requires that the payment accompany the request form.

We conclude that payment for the record is not required at the time the request is submitted in order to extend the statute of limitations under section 11523.

Here, respondent adopted the administrative law judge's decision on November 6, 1992, and mailed its decision to appellant on that same day. Therefore, reconsideration was available until December 6, 1992. The first petition for judicial review, which was subsequently dismissed, was filed on December 7, 1992, within 30 days after December 6, 1992. Thus, in order for appellant to take advantage of the extension allowing him to file the second petition 30 days after the delivery of the record to him, he was required to have requested the OAH to prepare the record within 10 days after the last day on which reconsideration could have been ordered, i.e., December 16. The record shows that Ludwell filled out the form requesting the transcript on November 25, 1992, and that Sansone informed Ludwell of the price estimate on that date.[4] Under our construction of the statute, the fact that Bayan did not pay for the record until January 8, 1993, approximately a month after the December 16, 1992, deadline, does not affect the fact that Ludwell timely requested the transcript. We conclude that appellant's petition was timely filed, since he complied with the requirements necessary to be accorded the extension set forth in section 11523.

Respondent also contends that even if appellant's submission of the form without payment constituted a proper request for preparation of the administrative record, his delay in paying for the record rendered the petition untimely under *Hollywood Turf Club* v. *Daugherty* (1950) 36 Cal.2d 352 [224 P.2d 359]. At that time, section 11523 provided that the administrative record shall be prepared by the agency and delivered within 20 days after the request and payment. The extended statute of limitations provided: "Where petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record the time

---

[4]Appellant urges that there is a factual dispute as to when his counsel learned of the estimated fees, referring to a declaration submitted by Bayan, in which Bayan stated that neither he, nor, to the best of his knowledge, appellant's counsel, ever received a price estimate in response to the transcript request. In that declaration, he states that he obtained the estimate for copies of the transcripts from Ludwell on January 8, 1993. Essentially, appellant asks this court to reweigh the evidence supporting the factual findings of the court, which we cannot do. (*Interstate Brands* v. *Unemployment Ins. Appeals Bd.* (1980) 26 Cal.3d 770, 774, fn. 2 [163 Cal.Rptr. 619, 608 P.2d 707].)

within which a petition may be filed shall be extended until five days after its delivery to him." (Former § 11523.)

In that case, petitioner, a corporation engaged in horse racing enterprises, commenced a mandamus proceeding to nullify the denial by the Corporations Commissioner of its application for a permit to issue shares of its capital stock. The decision was served upon the petitioner on July 29, 1948. The petitioner requested the commissioner to prepare the record on August 28, 1948. On September 24, 1948, the commissioner notified petitioner by telephone and letter that the record, which had been prepared, cost $117.53. The letter also stated that "[u]pon payment of the expense involved, the record is ready for delivery to you." On November 3, 1948, the commissioner received from the petitioner a letter with a check for the cost of the record preparation. On November 9, 1948, the mandamus petition was filed.[5]

Citing a rule of law relating to limitations of actions, the court imposed a standard of reasonableness and found that the delay of more than a month from the time that the petitioner received notice of the amount due to the time that he paid the fee was not reasonable, and that therefore the petitioner had not timely filed its petition. (36 Cal.2d at p. 356.) The court found that ". . . all that could be done by the commissioner had been done. The rest was up to petitioner and he did not act within a reasonable time, considering the circumstances, to obtain the actual possession of the record." (*Id.* at p. 356.)

The situation in the instant case is distinguishable. At the time *Hollywood Turf* was decided, payment was allowed after preparation of the record. However, under the current statute, a petitioner must make his request, then pay his fee *before* the agency begins the transcriptions. Thus, the agency has not, at that point, "done all it could have done." Therefore, we find that *Hollywood Turf* and its standard with respect to unreasonable delay does not apply to appellant.

We conclude that appellant should be able to take advantage of the extension period by which the Legislature "accommodates delay in the preparation of the administrative record." (*Sinetos* v. *Department of Motor Vehicles* (1984) 160 Cal.App.3d 1172, 1176 [207 Cal.Rptr. 207].)

In view of our conclusion, we need not address appellant's further argument that because the record was not prepared within 30 days of the request

[5]The opinion states that "[t]he mandamus proceeding was commenced on November 9, 1948," which we interpret to mean that the petition was filed on that date, in the context of the discussion.

as required by section 11523, appellant could not have expedited the filing of his second petition.[6] Nor need we address appellant's arguments regarding the merits of the administrative law judge's decision.

## DISPOSITION

The judgment is reversed. The matter shall be remanded to the trial court for proceedings consistent with this opinion. Appellant is awarded costs on appeal.

Fukuto, Acting P. J., and Brandlin, J.,* concurred.

---

[6]We are not convinced by appellant's argument, raised for the first time in his reply brief, that respondent "waived" the statute of limitations argument because its reference to that argument in its opposition to petition for writ of mandate was "brief." The record shows that the hearing focused on the statute of limitations issue and that the court considered declarations submitted by both parties in connection with that argument. Moreover, the statute of limitations argument was raised in respondent's answer as an affirmative defense.

*Judge of the Municipal Court for the South Bay Judicial District sitting under assignment by the Chairperson of the Judicial Council.