[No. D060622. Fourth Dist., Div. One. Aug. 16, 2012.]

KIM RACHEL HANSEN, Plaintiff and Appellant, v.
BOARD OF REGISTERED NURSING, Defendant and Respondent.

COUNSEL

Kim Rachel Hansen, in pro. per.; and Gary Harrison for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Alfredo Terrazas, Assistant Attorney General, James M. Ledakis and Nicole R. Trama, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**IRION, J.**—Kim Rachel Hansen filed a petition for writ of administrative mandate (Code Civ. Proc., § 1094.5) to challenge the decision of the Board of Registered Nursing (the Board) to revoke her registered nurse license (hereafter license). On the Board's demurrer, the trial court ruled the petition was untimely; and after Hansen did not amend within the time allotted, the court entered a judgment dismissing the petition with prejudice.

Hansen appeals, contending she did not learn of the revocation until after the limitations period for filing the petition had expired. We affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Hansen obtained a license from the Board in 1987. During a hospitalization in 2009, she spoke to a representative of the Board and agreed to participate in a diversion program for nurses and other professionals having problems with alcohol consumption. Hansen, however, refused to enroll in the program.

Following her refusal to participate in the diversion program, the Board filed an accusation against Hansen charging her with unprofessional conduct and seeking suspension or revocation of her license. The Board alleged Hansen engaged in unprofessional conduct by failing to participate in the diversion program and by using alcohol to an extent dangerous to herself or others.

The Board sent a copy of the accusation to Hansen at her address of record by certified mail on October 1, 2010. Hansen, however, had moved from that address in July 2009, but had not notified the Board of her new address. As a result, Hansen did not receive the copy of the accusation.

Resolution of the accusation proceeded by way of default. The Board issued a decision and order (hereafter decision) in which it found the allegations of the accusation true and revoked Hansen's license effective January 24, 2011.

The Board sent a copy of the decision to Hansen at her address of record by certified mail on December 22, 2010. Again, because she had moved but not notified the Board of her new address, Hansen did not receive the copy of the decision.

On February 27, 2011, while viewing the Board's Web site for an unrelated reason, Hansen learned for the first time that the Board had revoked her license.[1] On March 7, 2011, Hansen filed a motion with the Board asking it to vacate or reconsider its decision. In a letter dated May 9, 2011, the Board informed Hansen it could not grant her motion because the revocation had become final.

On May 20, 2011, Hansen petitioned the trial court for relief. She complained that the Board denied her notice and an opportunity for a fair hearing and abused its discretion in revoking her license. Hansen sought a writ of administrative mandate directing the Board to vacate its decision revoking her license and to hear the matter on the merits.

The Board demurred on the ground the petition was untimely. According to the Board, Government Code section 11523 required Hansen to file the petition within 30 days of the effective date of her license revocation, i.e., within 30 days of January 24, 2011. Because she did not do so, the Board argued, her petition was time-barred and subject to dismissal.

The trial court agreed Hansen's petition was untimely and sustained the Board's demurrer with 10 days leave to amend. When Hansen did not amend the petition, the court entered a judgment dismissing the petition with prejudice.

---

[1] In her verified petition, Hansen alleged she first learned of her license revocation on February 27, 2011. In opposition to the Board's demurrer and in her briefing on appeal, however, she claimed she did not discover the revocation until February 28, 2011. Although our resolution of this appeal would be the same using either date, we use the date in the verified petition. (See *Melikian v. Truck Ins. Exchange* (1955) 133 Cal.App.2d 113, 114 [283 P.2d 269] (*Melikian*) [on appeal from judgment on demurrer, appellate court is bound by allegations of verified complaint].)

## II

## DISCUSSION

The sole issue on appeal is whether Hansen's petition was timely filed. As we shall explain, it was not.

■ The Administrative Procedure Act (Gov. Code, § 11500 et seq.) sets strict time deadlines for judicial challenges to administrative decisions. For a licensee of the Board to challenge an adverse licensing decision by petition for writ of administrative mandate, "the petition shall be filed within 30 days after the last day on which reconsideration can be ordered." (Gov. Code, § 11523; see *Morton v. Board of Registered Nursing* (1991) 235 Cal.App.3d 1560, 1565 [1 Cal.Rptr.2d 502] (*Morton*) [Gov. Code, § 11523 governs judicial review of Board's decisions].) If, however, the licensee "within 10 days after the last day on which reconsideration can be ordered . . . requests the agency to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her." (Gov. Code, § 11523.) "The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to a respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration." (Gov. Code, § 11521, subd. (a).)

Thus, there are two 30-day deadlines that apply to a licensee's challenge to the Board's revocation of a license. First, unless the Board grants a stay to allow the licensee to apply for reconsideration, Government Code section 11521 "provides 30 days after delivery or mailing of the decision to the licensee, or on the effective date of the decision if earlier, as the last day on which the decision may be reconsidered." (*Miller v. Board of Medical Quality Assurance* (1987) 193 Cal.App.3d 1371, 1374, fn. 4 [238 Cal.Rptr. 915] (*Miller*); accord, *Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1262 & fn. 2 [8 Cal.Rptr.3d 532, 82 P.3d 740] (*Bonnell*).) Second, unless the licensee timely requests preparation of the administrative record, the licensee must file a petition for writ of administrative mandate within 30 days of the last day for reconsideration if she wishes to challenge the Board's decision in court. (Gov. Code, § 11523; *Jahangiri v. Medical Bd. of California* (1995) 40 Cal.App.4th 1657, 1661–1662 [48 Cal.Rptr.2d 187].)

■ Hansen did not meet these deadlines. The Board served its decision and order revoking Hansen's license by sending a copy to her address of record via certified mail on December 22, 2010. Service by this method is

authorized by law. (Gov. Code, §§ 11505, subd. (c) [authorizing agency to serve order adversely affecting respondent by registered mail when statute or rule requires respondent to inform agency of current address], 8311 [whenever statute requires agency to mail document by registered mail, mailing by certified mail "shall be deemed to be a sufficient compliance"]; Bus. & Prof. Code, §§ 100, 101, subd. (a), 136, subd. (a) [requiring holder of professional license issued by Board to file current address with board within 30 days of any change]; Cal. Code Regs., tit. 16, § 1409.1 [requiring holder of license issued by Board to file current address with Board within 30 days of any change].) Since the Board did not grant a stay to allow Hansen to apply for reconsideration, its power to order reconsideration expired on January 21, 2011, 30 days after it mailed its decision. (Gov. Code, § 11521, subd. (a); *Compton v. Board of Trustees* (1975) 49 Cal.App.3d 150, 154 [122 Cal.Rptr. 493] (*Compton*).) Hansen therefore had 30 days from that date, i.e., until February 21, 2011 (because Feb. 20, 2011, was a Sunday; see Code Civ. Proc., §§ 10, 12a, subd. (a)), to file her petition for writ of mandate. (Gov. Code, § 11523.) She did not, however, file the petition until May 20, 2011. Hence, Hansen "was late; she was not entitled to any relief as a matter of law." (*Morton, supra*, 235 Cal.App.3d at p. 1567.)[2]

Hansen argues her late filing should be excused for several reasons: (1) the 30-day limitations period of Government Code section 11523 was tolled until she actually discovered the revocation of her license; (2) she established "good cause" for the late filing and is entitled to relief under Code of Civil Procedure section 473; (3) the Board's delays caused the late filing; and (4) she never received the notice or hearing that due process requires. None of these arguments is persuasive.

■ First, Hansen's attempt to invoke the discovery rule is unavailing. She has cited no authority, and we have found none, applying the discovery rule to toll the 30-day period of either section 11521 or section 11523 of the Government Code. But even if we assume, without deciding, that the discovery rule applies, it would not make Hansen's writ proceeding timely. Under the discovery rule, the accrual of a cause of action is postponed and the running of the associated statute of limitations is tolled until the plaintiff

---

[2] Although it is of no practical consequence, we reject the Board's contentions (with which the trial court agreed) that its power to order reconsideration expired on the effective date of its decision revoking Hansen's license (i.e., Jan. 24, 2011), and that the 30-day period for Hansen to seek judicial review of the decision commenced on that date. The power to order reconsideration expires on the effective date of a decision "if that date occurs *prior to* the expiration of the 30-day period" that commences with delivery or mailing of the decision to the licensee. (Gov. Code, §11521, subd. (a), italics added; see *Bonnell, supra*, 31 Cal.4th at p. 1262 & fn. 2; *Miller, supra*, 193 Cal.App.3d at p. 1374, fn. 4.) Here, the effective date of the Board's decision occurred *after* expiration of the 30-day period triggered by the mailing of the decision to Hansen; thus, its power to order reconsideration expired on January 21, 2011.

discovers or has reason to discover the cause of action. (E.g., *Quarry v. Doe I* (2012) 53 Cal.4th 945, 960 [139 Cal.Rptr.3d 3, 272 P.3d 977].) Here, Hansen actually discovered on February 27, 2011, that the Board had revoked her license. If that discovery triggered the running of the 30-day period of Government Code section 11523, then she had until March 29, 2011, to seek judicial review of the Board's decision by filing a petition for writ of administrative mandate. If instead Hansen's discovery triggered the running of the 30-day period of Government Code section 11521, then the time for reconsideration by the Board expired on March 29, 2011; and under Government Code section 11523, she had 30 days after that date, i.e., until April 28, 2011, to file a petition in court. Either way, Hansen's petition, filed May 20, 2011, was untimely.[3]

Second, Hansen's argument she has "good cause" for relief from the consequences of her late filing has no merit. In support of this argument, Hansen quotes the portion of Government Code section 11523 permitting the 30-day period for delivery of an administrative record to "be extended for good cause shown." She also quotes a portion of Government Code section 11505, subdivision (b), which provides: "The hearing may be postponed for good cause. If you have good cause, you are obliged to notify the agency or, if an administrative law judge has been assigned to the hearing, the Office of Administrative Hearings, within 10 working days after you discover the good cause." Hansen then asks rhetorically: "Why isn't [my] motion to vacate/reconsider and[/]or [my] writ a request for a hearing . . . as described above?" The simple answer is that Hansen's motion for reconsideration and petition for writ of administrative mandate concerned neither the time for preparing an administrative record nor the time for holding an administrative hearing, and therefore the statutes expressly authorizing extensions on a showing of good cause do not apply.

■ Unlike the statutory provisions quoted by Hansen, the provisions prescribing the time deadlines for her filings do not expressly authorize extensions for good cause. Government Code section 11523, which prescribes the deadline for judicial review of administrative decisions, "contains no provision extending the filing period on a showing of good cause, and the very absence of such a provision must be taken to mean that no such extension may be granted." (*Kupka v. Board of Administration* (1981) 122 Cal.App.3d 791, 797 [176 Cal.Rptr. 214] (*Kupka*).) The same is true of

---

[3] As part of her tolling argument based on the discovery rule, Hansen accuses the Board of **"discriminatory enforcement."** Citing documents from another disciplinary case, she contends the Board "routinely vacates the default and grants a hearing to those who have not been 'actually served' in other '*wrong address*' cases." She also cites the "so called '**propofol murderer**' case" to illustrate that "the Board resolves difficult cases quickly for others, but not for Hansen." Because these other cases and Hansen's related arguments have no bearing on the timeliness of Hansen's petition under the discovery rule or otherwise, we disregard them.

Government Code section 11521, which prescribes the deadline for seeking reconsideration of an administrative decision. To be sure, that statute does allow an agency to extend the deadline by making its decision effective "at the termination of a stay . . . not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration" (Gov. Code, § 11521, subd. (a)), but only if the stay is granted within the initial period for seeking reconsideration (*id.*, § 11519, subd. (a); *Bonnell, supra*, 31 Cal.4th at p. 1262). Hansen did not seek, and the Board did not grant, a stay within the initial 30-day period applicable here. Thus, she was not entitled to an extension of the filing deadline.

As additional support for her good cause argument, Hansen relies on Code of Civil Procedure section 473, which authorizes a trial court to relieve a party of a default on a showing of "mistake, inadvertence, surprise, or excusable neglect" (*id.*, subd. (b)), and asserts a showing of good cause is equivalent to a showing under that statute. Hansen did not file a motion for relief under (or otherwise invoke) section 473 in the trial court, however, and we generally do not consider on appeal a claim that could have been but was not raised in the trial court, especially where, as here, it is not adequately developed on appeal. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [72 Cal.Rptr.2d 232].) In any event, as the Board correctly points out, "the Legislature did not intend to permit relief on grounds of good cause or under section 473." (*Kupka, supra*, 122 Cal.App.3d at p. 795.)

Third, Hansen may not shift the blame for her untimely filing onto the Board by accusing it of delay. Hansen complains that although she acted diligently when, on March 7, 2011, eight days after she allegedly first learned the Board had revoked her license, she moved the Board to reconsider its decision to revoke her license, the Board "slept on [her] motion for nearly two months." This delay, Hansen asserts, "caused additional tolling of the statute of limitations." (Capitalization altered.) She also contends the Board learned of her failure to participate in the diversion program on December 14, 2009, but "waited 10 months to file the accusation." According to Hansen, she moved during that 10-month period, "so the delay of the Board is what caused the accusation not to be received." We reject these contentions.

■ The Board's delay in responding to Hansen's reconsideration request did not toll the 30-day limitations period of Government Code section 11523. Although a statute of limitations is equitably tolled while a party with multiple available remedies pursues one in a timely manner (e.g., *McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100, 102 & fn. 2 [84 Cal.Rptr.3d 734, 194 P.3d 1026]; *McAlpine v. Superior Court* (1989) 209 Cal.App.3d 1, 5 [257 Cal.Rptr. 32]), Hansen did not seek relief from the

Board until it was too late. By March 7, 2011, the date she sought reconsideration of the Board's decision to revoke her license, the Board had no power to reconsider the decision because it had lost jurisdiction on January 21, 2011, 30 days after it mailed the decision to Hansen. (Gov. Code, § 11521, subd. (a); *Compton, supra*, 49 Cal.App.3d at p. 154.) Even if we assume, as Hansen's tolling argument does, that her belated discovery of the Board's decision on February 27, 2011, commenced a new 30-day reconsideration period, that period expired as a matter of law on March 29, 2011, because "[i]f no action is taken on a petition [for reconsideration] within the time allowed for ordering reconsideration, the petition shall be deemed denied." (Gov. Code, § 11521, subd. (a); see *Bonnell, supra*, 31 Cal.4th at p. 1265 [agency has no jurisdiction to order reconsideration outside time period prescribed by Gov. Code, § 11521, subd. (a)].) The Board thus had no obligation to notify Hansen it had denied her motion for reconsideration; the fact that the Board belatedly did so, by letter dated May 9, 2011, did not extend the reconsideration period to that date.

The Board's purported delay in filing the accusation against Hansen also does not excuse her late filing of the petition. As an initial matter, the factual premise of this argument—that Hansen moved at some time in the 10 months between December 2009 and October 2010 during which "the Board waited . . . to file the accusation"—is false. In her verified petition, Hansen alleged she "moved in July of 2009." She is bound by that allegation and may not contradict it on appeal. (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1272 [127 Cal.Rptr.2d 436]; *Melikian, supra*, 133 Cal.App.2d at p. 114.) In any event, the Board had no obligation to file the accusation and serve it on Hansen before she moved from the address the Board had on file. Rather, Hansen had an obligation to keep the Board informed of her current address. (Bus. & Prof. Code, § 136, subd. (a); Cal. Code Regs., tit. 16, § 1409.1.) Hansen admitted she did not do so, however, for she alleged in the petition that she "moved in July of 2009 and did not notify the Board of her new address." Therefore, if the accusation did not reach Hansen by mail, she has only herself to blame.

█ Fourth and finally, we reject Hansen's contention she was denied due process because she "received no hearing in the Superior Court and no hearing in the Administrative Court." The "holder of a professional license has a property interest in the right to practice his or her profession, which cannot be taken away or restricted without due process" (*Sulla v. Board of Registered Nursing* (2012) 205 Cal.App.4th 1195, 1201 [140 Cal.Rptr.3d 514]), and due process generally requires "notice and opportunity for hearing appropriate to the nature of the case" (*Mullane v. Central Hanover Bank & Tr. Co.* (1950) 339 U.S. 306, 313 [94 L.Ed. 865, 70 S.Ct. 652]). But to satisfy the demands of due process, actual notice is not required; it is sufficient that notice be given by means "reasonably calculated to reach" the person to be

notified. (*Id.* at p. 319.) California courts repeatedly have held that where a licensee has an obligation to keep a licensing agency informed of the licensee's current address, "the method of service provided by Government Code section 11505 is reasonably calculated to give the licensee notice . . ." and "therefore satisfies due process." (*Baughman v. Medical Board* (1995) 40 Cal.App.4th 398, 402 [46 Cal.Rptr.2d 498] (*Baughman*); accord, *Miller Family Home, Inc. v. Department of Social Services* (1997) 57 Cal.App.4th 488, 491–493 [67 Cal.Rptr.2d 171] (*Miller Family Home*); *Evans v. Department of Motor Vehicles* (1994) 21 Cal.App.4th 958, 967–971 [26 Cal.Rptr.2d 460] (*Evans*).)

As previously noted, Hansen had a duty to keep the Board informed of her current address (Bus. & Prof. Code, § 136, subd. (a); Cal. Code Regs., tit. 16, § 1409.1), which she concedes she neglected to perform. Hansen also concedes the Board sent the accusation to her address of record via certified mail. As previously explained, that method of service complied with Government Code section 11505, subdivision (c). (See pp. 669–670, *ante*; see also *Miller Family Home, supra,* 57 Cal.App.4th at p. 492 [certified mail equivalent to registered mail for purposes of Gov. Code, § 11505, subd. (c)].) The Board thus satisfied the requirements of due process even if, as Hansen maintains, she did not actually receive that mail. (*Miller Family Home*, at p. 493; *Baughman, supra,* 40 Cal.App.4th at p. 402; *Evans, supra,* 21 Cal.App.4th at p. 971.) Furthermore, when the Board received no response from Hansen to the accusation, it properly proceeded to enter her default and revoke her license. (Gov. Code, § 11520, subd. (a) [authorizing agency to take action against respondent who fails to file notice of defense or to appear at hearing]; Bus. & Prof. Code, §§ 2759, subd. (d) [authorizing Board to discipline defaulting licensee by revoking license], 2761, subd. (a)(1) [authorizing Board to discipline licensee for unprofessional conduct], 2762, subd. (b) [defining as unprofessional conduct licensee's use of alcoholic beverages to extent dangerous or injurious to licensee or others]; see *Miller Family Home*, at pp. 490, 493 [license properly revoked when licensee did not respond to accusation sent by certified mail]; *Baughman*, at pp. 401–402 [same].)[4] Accordingly, the revocation of Hansen's license resulted from her own failure to keep the Board informed of her current address, not from any denial of the notice or hearing required by due process.

---

[4] We hold only that the Board did not violate Hansen's due process rights when, after receiving no response to the accusation and proceeding in a manner expressly authorized by law, it entered her default and revoked her license. Because we hold Hansen's petition is time-barred, we need not and do not express any opinion on whether the Board abused its discretion by imposing revocation rather than a lesser penalty as the discipline for her unprofessional conduct. (See *Morton, supra,* 235 Cal.App.3d at p. 1567 [describing Board's discretion in selecting method of discipline as "virtually unfettered"].)

(7) In closing, we recognize the hardship that revocation of her license imposes on Hansen, and we are not unsympathetic to her plight. Nevertheless, our Legislature has established strict time deadlines for challenges to administrative decisions, which the courts have a duty to enforce. Because Hansen did not meet those deadlines, she is not entitled to relief.

## DISPOSITION

The judgment is affirmed.

Huffman, Acting P. J., and McIntyre, J., concurred.