Filed 5/23/18; pub. order 6/15/18 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SAINT FRANCIS MEMORIAL HOSPITAL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF PUBLIC HEALTH,<br><br>    Defendant and Respondent. | A150545<br><br>(San Mateo County<br>Super. Ct. No. CIV 537118) |

Saint Francis Memorial Hospital (Saint Francis) petitioned for a writ of administrative mandate after being fined by the California Department of Public Health (Department). The trial court sustained the Department's demurrer based on the statute of limitations, and judgment was entered in the Department's favor. On appeal, Saint Francis argues that the court erred by sustaining the demurrer because the petition was timely under the applicable statutes, the limitations period was equitably tolled, and the Department is equitably estopped from claiming the petition was filed late. We affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

This case arose after surgical staff at Saint Francis left a sponge in a patient during the patient's back surgery in 2010. The patient was required to endure a second surgery and be treated with powerful intravenous antibiotics. As a result of this incident, the Department imposed a $50,000 fine on Saint Francis for not having appropriate sponge-

1

count policies and for not effectively training on, and ensuring compliance with, such policies. Saint Francis challenged the fine, and a hearing was held before an Administrative Law Judge (ALJ). The ALJ issued a proposed decision finding no basis for the fine because Saint Francis had adequate policies and procedures to guard against the mistakes that led to the incident.

On December 15, 2015, after receiving further briefing and evidence, the Department issued a final decision that rejected the ALJ's proposed decision, determined that Saint Francis had not implemented an appropriate sponge-count policy, and affirmed the fine. The decision was "effective immediately," and it was served on Saint Francis by certified mail the next day, December 16.

On December 30, 2015, Saint Francis submitted a request for reconsideration. The Department answered the request without "notif[ying Saint Francis] that the request . . . was void or otherwise invalid," and then denied it on January 14, 2016. Also on January 14, apparently not knowing that the request for reconsideration had been or was being denied, counsel for Saint Francis e-mailed a Department attorney that Saint Francis intended to file a writ petition. In the e-mail, St. Francis's counsel also stated, "As I read the statute [the Department] has until today to accept or reject the request [for reconsideration]. If no action is taken it is deemed denied. I think the additional five days for mailing arguably applies; do you agree? This would extend to next Tuesday to decide the request." The Department attorney responded by e-mail, "I believe you are correct."

Saint Francis filed its writ petition in the trial court on January 26, 2016. The Department demurred on the basis that the petition was not timely. The court sustained the demurrer with "leave to amend to allege additional facts necessary to assert the equitable tolling of the statute of limitations."

Saint Francis then filed an amended petition, to which the Department also demurred. The trial court again sustained the demurrer, this time without leave to amend. It found that the Department's decision "was effective immediately and was thus not subject to a Request for Reconsideration" and that the subsequent writ petition "was not

2

filed within the thirty days required by Government Code section 11521."[1]  The court also found that Saint Francis's "mistake was as to law, not facts.  A mistake not caused by the [Department] is not a sufficient basis to excuse [a] late filing."

II.
DISCUSSION

A.     *The Request for Reconsideration Did Not Extend the Deadline to File a Writ Petition.*

We begin with an overview of the statutes governing the timing for filing a request to reconsider an agency decision and for filing a petition for a writ of administrative mandate challenging an agency's final decision.  Section 11521 sets forth the time period governing a party's request to reconsider an agency decision.  It states, "The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to a respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period."  (§ 11521, subd. (a); see also § 11519, subd. (a).)  Thus, when an agency makes its decision effective immediately, as the Department did here, it "eliminat[es] the 30-day period for reconsideration."  (*De Cordoba v. Governing Board* (1977) 71 Cal.App.3d 155, 158.)

Section 11523 sets forth the limitations period that applies to a writ petition to challenge an agency's final decision.  It requires the petition to "be filed within 30 days after the last day on which reconsideration can be ordered."  (§ 11523.)  Where, as here, reconsideration is unavailable, "the earliest date upon which an . . . agency's decision can become effective, thereby commencing the limitations period of section 11523, is the date on which the decision is mailed or delivered."  (*Koons v. Placer Hills Union Sch. Dist.* (1976) 61 Cal.App.3d 484, 490.)  We review de novo whether a trial court has properly sustained a demurrer on the basis of the statute of limitations.  (*Ramirez v. Tulare County Dist. Attorney's Office* (2017) 9 Cal.App.5th 911, 924; *E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315.)

---

[1] All subsequent statutory references are to the Government Code.

3

Here, the Department's decision was issued on December 15, 2015, and it was mailed to the parties the next day. Because the decision stated it was effective immediately, there was no period in which to file a request for reconsideration, and the 30-day period for filing a writ petition started to run on the day the decision was mailed, December 16. The last day to file any such petition was therefore January 15, 2016.

Saint Francis insists that January 15, 2016, was not the deadline for filing the writ petition because it filed its request for reconsideration. It contends that under section 11518.5, "the service of a request for reconsideration extends the time to file a Petition for Administrative Mandamus by 15 days." We are not persuaded. The statute provides that "[w]ithin 15 days after service of a copy of the decision on a party, but not later than the effective date of the decision, the party may apply to the agency for correction of a mistake or clerical error in the decision." (§ 11518.5, subd. (a).) This provision is plainly inapplicable. Not only did Saint Francis request reconsideration "later than" the effective date of the Department's decision, it sought substantive changes, not correction of a mistake or clerical error.

Rather, the provision authorizing a request for reconsideration of the merits of an agency's decision is section 11521, which, as we have explained, establishes that the time to request reconsideration expires "on the date set by the agency itself as the effective date of the decision." (§ 11521, subd. (a).) Since the effective date of the Department's decision here was December 15, and since the decision was served on the parties the next day, there was effectively no period in which to seek reconsideration.[2] The deadline for filing a writ petition was therefore 30 days from the date the decision was served, making the deadline January 15, 2016. Saint Francis's petition filed 11 days after that deadline was untimely under the applicable statutes.

---

[2] Saint Francis claims the Department waived the argument that reconsideration was unavailable by failing to say so when it answered the request for reconsideration. Saint Francis cites no authority in support of its position, and we therefore do not consider it. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

B.      *The Trial Court Properly Rejected Saint Francis's Claims that Equitable Tolling and Equitable Estoppel Apply.*

Saint Francis next argues that it is entitled to a tolling of the 30-day time period to file its writ petition or to equitably estop the Department from claiming that the petition was untimely.  These arguments present closer questions, but we conclude that they are ultimately unavailing.

1.      Saint Francis is not entitled to a tolling of the 30-day period.

Saint Francis's first equitable argument is that it is entitled to a tolling of the 30-day period because there was "an underlying mistake, which led to the running of the [period]."  We accept that there was an underlying mistake, but we disagree that it justifies a tolling of the 30-day period.  "The Administrative Procedure Act (Gov. Code, § 11500 et seq.) sets strict time deadlines for judicial challenges to administrative decisions."  (*Hansen v. Board of Registered Nursing* (2012) 208 Cal.App.4th 664, 669 (*Hansen*).)  " 'As with any other cause of action, a proceeding for writ of mandamus is barred if not commenced within the prescribed limitation period.  [Citations.]  Statutes of limitation "are, of necessity, adamant rather than flexible in nature" and are "upheld and enforced regardless of personal hardship." ' "  (*California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 751, 756.)

The doctrine of equitable tolling applies " ' "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." ' "  (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99-100; see also *Addison v. State of California* (1978) 21 Cal.3d 313, 317; *California Standardbred Sires Stakes Com., Inc. v. California Horse Racing Bd., supra*, 231 Cal.App.3d at p. 759.)  As do the parties, we look to *Hansen* for guidance on whether that doctrine applies here.

In *Hansen*, the Court of Appeal rejected a claim that section 11523's 30-day period was tolled based on an untimely request for reconsideration.  (*Hansen, supra*, 208 Cal.App.4th at pp. 672-673.)  In that case, the Board of Registered Nursing revoked the license of a nurse by default after issuing an accusation to which she did not respond.  (*Id*. at pp. 667-668.)  About three months after the Board's decision, the nurse requested

5

reconsideration of the revocation because, due to an address change, she had not received either the accusation or the decision. (*Ibid.*) Months later, the Board denied her request because the revocation was already final, and she then filed a writ petition within 30 days of the denial of her request. (*Id.* at p. 668.) The trial court denied the petition as untimely, and the Court of Appeal affirmed. (*Id.* at p. 667.)

*Hansen* concluded that "[t]he Board's delay in responding to [the petitioner's] reconsideration request did not toll the 30-day limitations period of . . . section 11523." (*Hansen, supra*, 208 Cal.App.4th at p. 672.) The appellate court ruled that the Board "had no obligation to notify [the petitioner] it had denied her motion for reconsideration," and the Board's notice of its denial "did not extend the reconsideration period." (*Id.* at p. 673.) The court explained that equitable tolling applies when "a party with multiple available remedies pursues one in a timely manner," and the petitioner "did not seek relief from the Board [i.e., reconsideration] until it was too late." (*Id.* at pp. 672-673.) Similarly, we conclude that Saint Francis's request for reconsideration did not constitute the timely pursuit of an available remedy since reconsideration was unavailable, and the Department's failure to indicate that reconsideration was unavailable in answering the request did not toll the deadline for filing a writ petition.

Saint Francis attempts to distinguish *Hansen* on various grounds. First, it points out that the Board's decision in *Hansen* was the result of a default, while the Department's decision here came after a two-day hearing followed by the submission of additional briefing and evidence. We see no reason, however, why it would matter for purposes of tolling the 30-day period whether an agency's decision was the result of a default as opposed to active litigation: if anything, the position of the *Hansen* petitioner was stronger because she did not have actual notice of the proceedings until it was too late to file a request for reconsideration. Second, Saint Francis claims that, unlike the request for reconsideration in *Hansen*, its request for reconsideration was timely. But as we have already discussed, reconsideration was simply unavailable, as the Department's decision was effective immediately. Finally, Saint Francis maintains that it acted in good faith and that, unlike the Board in *Hansen*, the Department was notified "that there would

be a writ petition pursued." We accept that Saint Francis's mistake about the availability of reconsideration was made in good faith, and we agree that Saint Francis notified the Department of its intent to file a writ petition, but these circumstances are insufficient to toll the running of the 30-day period.

> 2. The Department was not equitably estopped from claiming the petition was untimely.

Saint Francis's second equitable argument is that the trial court erred in refusing to equitably estop the Department from claiming that the petition was untimely. Again, we are not persuaded.

There are four basic elements of equitable estoppel: (1) the party to be estopped must have known the facts; (2) the party to be estopped must have intended that its conduct would be acted upon, or it must have acted so as to have given the party asserting estoppel the right to believe that it was so intended; (3) the party asserting estoppel must have been ignorant of the true state of facts; and (4) the party asserting estoppel must have relied on the conduct to its injury. (*Schafer v. City of Los Angeles* (2015) 237 Cal.App.4th 1250, 1261.) An additional element is required when estoppel is sought against the government. "In such a case, the court must weigh the policy concerns to determine whether the avoidance of injustice in the particular case justifies any adverse impact on public policy or the public interest." (*Ibid.*) While the parties agree that these five elements apply, they disagree on their application.

Saint Francis insists that the Department "lulled [it] into a false sense of security" by not promptly informing it that its reconsideration request was untimely. But this argument ignores Saint Francis's own responsibility for its mistaken conclusion that reconsideration was available. True enough, the Department seems to have also been confused about its authority, demonstrated by both its attorney's response to Saint Francis's counsel's e-mail and its answering the reconsideration request without mentioning that the request was "void or otherwise invalid." But this is not the type of conduct upon which estoppel may be based.

7

To begin with, the Department made no affirmative representations to incite Saint Francis's mistaken understanding of the law.  (See *Elliott v. Contractors' State License Bd.* (1990) 224 Cal.App.3d 1048, 1053 ["Some affirmative misleading conduct on the part of the agency appears necessary to support a finding of estoppel"].)  Not correcting another party's legal misunderstanding due to one's own confusion is different from inducing the misunderstanding in the first place.  Furthermore, it was not the Department's responsibility to ensure that counsel for Saint Francis understood the procedural rules, and any reliance by Saint Francis on the Department's failure to correct Saint Francis's misunderstanding was unreasonable.  (See *La Canada Flintridge Development Corp. v. Department of Transportation* (1985) 166 Cal.App.3d 206, 222 [reliance "based on an erroneous interpretation of the law is not reasonable reliance"].)  Lastly, not correcting another's legal misunderstanding falls short of the kind of conduct required to apply estoppel against the government.  Such an application ordinarily lies only " 'in unusual instances when necessary to avoid grave injustice and when the result will not defeat a strong public policy.' " (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1315.)  The dismissal of Saint Francis's petition, while not the result Saint Francis sought, caused no such grave injustice, and estopping the Department from claiming that the petition was untimely would defeat the oft-repeated public policy of strictly construing the filing period for challenging an agency's final decision.  (*Hansen, supra*, 208 Cal.App.4th at pp. 669, 675.)  In sum, although we are sympathetic to Saint Francis's position, we can find no basis for overturning the trial court's ruling.

III.
DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

8

_____

Humes, P.J.

We concur:

_____

Dondero, J.

_____

Banke, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SAINT FRANCIS MEMORIAL HOSPITAL,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF PUBLIC HEALTH,<br><br>        Defendant and Respondent. | A150545<br><br>(San Mateo County<br>Super. Ct. No. CIV 537118)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion in the above-entitled matter filed on May 23, 2018, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated:

_____
Humes, P.J.

10

Trial Court:

Superior Court of the County of San Mateo

Trial Judge:

Hon. George A Miram

Counsel for Plaintiff and Appellant:

Cyrus A. Tabari; Sheuerman, Martini, Tabari, Zenere & Garvin

Counsel for Defendant and Respondent:

Xavier Becerra, Attorney General

Susan M. Carson, Supervising Deputy Attorney General

Gregory D. Brown, Deputy Attorney General

Nimrod P. Elias, Deputy Attorney General

*Saint Francis Memorial Hospital v. California Department of Public Health*  A150545

11