Filed 3/1/19; Modified and certified for publication 3/29/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MELISSA KOMORSKY, | B286443 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC608113) |
| v. | |
| FARMERS INSURANCE EXCHANGE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Ruderman Feuer, Judge.  Affirmed.

David Hoffman; Law Offices of Laurence Posner and Laurence Posner for Plaintiff and Appellant.

Haight Brown & Bonesteel, Denis J. Moriarty and Christopher Kendrick for Defendants and Respondents.

Melissa Komorsky appeals from a judgment in favor of Farmers Insurance Exchange (Farmers) and Truck Insurance Exchange (Truck). Komorsky's mother, Linda Liker, was insured under an automobile liability policy issued by Farmers and an umbrella policy issued by Truck. Both policies included uninsured motorist coverage. After an uninsured motorist struck and killed Ms. Liker, Komorsky filed claims for benefits under both policies for her mother's wrongful death. The trial court determined Komorsky was entitled to coverage under the Farmers policy as an heir of an insured pursuant to Insurance Code section 11580.2, subdivision (a)(1)[1], but was not entitled to coverage under the Truck umbrella policy. The court later granted the defendants' motion for judgment on the pleadings based on its coverage determination.

On appeal, Komorsky contends (1) she is entitled to uninsured motorist coverage under the Truck umbrella policy as

---

[1] Insurance Code section 11580.2, subdivision (a)(1) states, in relevant part: "No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this state to the owner or operator of a motor vehicle . . . unless the policy contains, or has added to it by endorsement, a provision . . . insuring the insured, the insured's heirs or legal representative for all sums within the limits that he, she, or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. . . . A policy shall be excluded from the application of this section if the automobile liability coverage is provided only on an excess or umbrella basis."

All further statutory references are to the Insurance Code unless otherwise indicated.

2

an heir of an insured pursuant to section 11580.2, subdivision (a)(1); (2) the trial court erred in denying her motion for leave to file a second amended complaint alleging causes of action for estoppel and reformation; and (3) Farmers Group, Inc. is a proper defendant based on its control of Farmers and Truck.

We conclude the trial court ruled properly on each of these issues and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.    *The Insurance Policies and Claims*

Alan and Linda Liker, husband and wife, were named insureds under an automobile liability insurance policy issued by Farmers. The Farmers policy provided uninsured or underinsured motorist coverage of up $250,000 per person. Alan Liker was also the named insured under an umbrella insurance policy issued by Truck that provided up to $1 million in coverage.

The uninsured motorist coverage provision in the Farmers policy stated that Farmers would "pay all sums which an **insured person** or such other person as permitted under the law is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** . . . including the wrongful death of an **insured person**." (Emphasis in original.)[2] As relevant here, the Farmers policy defined "insured person" as including "You or a **family member**" and "Any person for **damages** that person is entitled to recover because of **bodily injury** to you, a **family member**, or another occupant of your **insured car**." (Emphasis in original.) The policy defined "you" as the named insured shown in the

_____

2      Boldfaced words or phrases in both policies were defined in the policies.

3

declarations (Alan Liker and Linda Liker) and any spouse living in the same household. It defined "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household." It also contained a provision requiring arbitration in the event of a dispute concerning uninsured motorist coverage.

The Truck umbrella policy included an endorsement adding uninsured and underinsured motorist coverage. The endorsement stated the coverage was "payable to you and any other **insured** under this policy, to the extent that either or both coverages are a part of the **underlying insurance**." (Emphasis in original.) The schedule of underlying insurance included the Farmers policy. The Truck policy defined "you" as the named insured shown in the declarations (Alan Liker) and his or her spouse living in the same household (Linda Liker), and as relevant here defined "insured" as "you" and any relatives (as defined) living in "your" household.

Linda Liker was killed by an uninsured motorist in October 2014. Alan Liker made a claim for uninsured motorist benefits under both the Farmers and Truck policies and demanded arbitration against the insurers. Komorsky, Linda Liker's daughter from a prior marriage, also made a claim for uninsured motorist benefits under both policies. Komorsky did not reside in the Likers' household.

2.    *The Complaint*

On January 25, 2016, Komorsky filed a complaint against Farmers Group, Inc., Farmers, Truck and Alan Liker. Komorsky alleged causes of action for (1) declaratory relief regarding the parties' rights to uninsured motorist benefits under the two policies, against all defendants; (2) negligent interference with

4

prospective economic advantage, against all defendants; (3) intentional interference with prospective economic advantage, against Alan Liker; and (4) a permanent injunction, against Alan Liker.

On January 29, 2016, Alan Liker filed a petition to compel arbitration based on the arbitration provision in the Farmers policy and section 11580.2, subdivision (f). Alan Liker died on February 5, 2016. The trial court ordered the substitution of his personal representative, Harley Liker, for Alan Liker.

On February 10, 2016, Komorsky filed a first amended complaint alleging the same four causes of action and adding a fifth cause of action for breach of contract against Farmers and Truck, and a sixth cause of action for breach of the implied covenant of good faith and fair dealing against the same defendants.

3.    *The Trial Court's Ruling on the Coverage Issue*

The trial court determined that an arbitration should proceed only after the court determined whether Komorsky was covered under the policies. On March 18, 2016, the court filed an order setting a briefing schedule and a hearing on the coverage issue to take place on June 10, 2016. The court permitted Komorsky's sister, Sherri Fogelman, to intervene in the action.[3] The court granted the petition to compel arbitration, with the arbitration to proceed after the coverage determination.

On May 18, 2016, Farmers filed a complaint in interpleader against Komorsky, Fogelman, and Harley Liker. Farmers alleged the defendants had competing claims to uninsured motorist benefits under the Farmers policy and sought to

---

[3]    Fogelman is not a party to this appeal.

5

interplead the $250,000 policy limits and allow the court to resolve the competing claims.

Farmers acknowledged that Alan Liker and Komorsky were entitled to uninsured motorist coverage under the Farmers policy based on section 11580.2, subdivision (a)(1). Truck also asserted that Alan Liker and Komorsky were entitled to uninsured motorist coverage under the Truck umbrella policy. In support of that position, Farmers and Truck cited a Texas opinion interpreting what they characterized as the same uninsured motorist endorsement language employed in this case.[4] Because the Texas court used language indicating the umbrella's uninsured motorist endorsement "followed form" to the underlying policy, Truck concluded the endorsement in this case also followed form. Truck took the position that its endorsement therefore provided the same scope of uninsured motorist coverage as the Farmers policy. Conflating scope of coverage with the identity of the persons insured by the respective policies, Truck conceded its policy therefore would provide uninsured motorist coverage for Komorsky. Alan Liker disputed Komorsky's right to coverage under the Truck endorsement, however.

The trial court filed a tentative ruling on the coverage issue prior to the June 10, 2016 hearing. The court tentatively found Komorsky and Fogelman were entitled to uninsured motorist coverage under both the Farmers and Truck policies. The tentative ruling stated the Farmers policy provided uninsured motorist coverage to Komorsky and Fogelman as a matter of law pursuant to section 11580.2, subdivision (a)(1). The court tentatively concluded the statute did not apply to the Truck

---

[4] *Laine v. Farmers Ins. Exchange* (Tex.App. 2010) 325 S.W.3d 661, 665. The language is similar, but not identical.

6

policy because it was an umbrella policy. However, examining the language of Truck's uninsured motorist endorsement, the court tentatively concluded the endorsement incorporated the terms of the Farmers policy, or "followed form," and therefore provided uninsured motorist coverage to Komorsky and Fogelman just as the Farmers policy did.

On June 28, 2016, the trial court filed a final order finding Komorsky and Fogelman were entitled to uninsured motorist coverage under the Farmers policy, but not under the Truck umbrella policy. The court found section 11580.2, subdivision (a)(1) did not apply to the Truck policy because it was an umbrella policy. Having reexamined the policy language, the court concluded Truck's uninsured motorist endorsement did not provide coverage to Komorsky and Fogelman because they were not insureds under the umbrella policy. As noted above, the Truck policy defined "insured" as the named insured (Alan Liker), his spouse living in the same household (Linda Liker), and relatives (as defined) living in the same household. Niether Komorsky nor Fogelman lived with the Likers.

Komorsky challenged the trial court's ruling by filing a petition for writ of mandate in this court (B276326). We summarily denied the petition. Komorsky also filed a notice of appeal from the June 28, 2016 order (B277191). We granted Harley Liker's motion to dismiss the appeal.

4.      *The Motion for Leave to File a Seconded Amended*
        *Complaint*

On January 23, 2017, Komorsky filed a motion for leave to file a second amended complaint. She sought to add causes of action for estoppel and reformation against Truck and Farmers Group, Inc. Komorsky sought to estop the insurance carriers

from denying her (and Fogelman) uninsured motorist coverage under the Truck policy and to reform the policy to expressly provide that Komorsky and Fogelman were insureds. The trial court concluded as a matter of law Komorsky was not entitled to relief on the proposed new causes of action, and denied the motion on March 21, 2017.

5.    *The Motion for Judgment on the Pleadings*

Despite having earlier taken the position that Komorsky and her sister were both covered by the uninsured motorist provisions in both policies, on July 13, 2017, Farmers and Truck filed a motion for judgment on the pleadings.[5] They argued there was no breach of contract because Farmers had interpleaded the uninsured motorist policy limits under the Farmers policy and because the trial court had determined Komorsky was not entitled to uninsured motorist coverage under the Truck umbrella policy. They also argued as a matter of law there was no breach of the implied covenant of good faith and fair dealing, they were not liable for negligent interference with prospective economic advantage, and Komorsky was not entitled to declaratory relief. In addition, Farmers and Truck argued the court should dismiss the complaint against Farmers Insurance Group because there was no such legal entity. They also argued to the extent the complaint identified Farmers Group, Inc., which was a legal entity, as a defendant, that entity could not be liable because the parties had stipulated the insuring entities were Farmers and Truck, and not Farmers Group, Inc.

Komorsky opposed the motion, arguing the trial court's prior ruling that she was not entitled to coverage under the

_____

[5]    Komorsky dismissed Harley Liker as a defendant on July 20, 2017, pursuant to a settlement.

8

Truck policy was incorrect. Komorsky urged the trial court to construe section 11580.2 to provide that Komorsky and Fogelman, as heirs of an insured, Linda Liker, were entitled to uninsured motorist coverage under both policies. Komorsky also argued Farmers Group, Inc. was a proper defendant because it controlled Farmers and Truck.

On August 25, 2017, the trial court concluded its prior ruling that Komorosky was not entitled to coverage under the Truck umbrella policy was correct and granted the motion for judgment on the pleadings.[6] Having previously denied Komorsky's motion for leave to file a second amended complaint adding causes of action for estoppel and reformation, the court denied leave to amend to add the same causes of action. Accordingly, the court entered judgment in favor of Farmers and Truck on September 19, 2017.[7]

---

[6] We judicially notice the trial court's tentative ruling on the motion for judgment on the pleadings, filed on August 25, 2017, which the court adopted as its final ruling. (Evid. Code, § 452, subd. (d).)

[7] We grant Komorsky's request for judicial notice of the complaint filed on July 17, 2017, in *Liker v. Truck Insurance Exchange* (Super. Ct. L.A. County, No. BC668770) and the register of actions in that case. (Evid. Code, § 452, subd. (d).) We deny the request to judicially notice a letter dated May 29, 2015, because it was not presented to the trial court. A reviewing court generally will not judicially notice evidence not presented to the trial court, and Komorsky has shown no exceptional circumstances to justify deviating from this rule. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.) Moreover, Komorsky cites no statutory basis to judicially notice the letter. (See Evid. Code, § 452.)

**DISCUSSION**

1.  *Komorsky Is Not Entitled to Uninsured Motorist Coverage Under the Truck Umbrella Policy*

Section 11580.2, subdivision (a)(1) requires primary automobile liability insurance policies to include uninsured motorist coverage, unless the insurer and insured agree in writing to not include or to limit such coverage. Uninsured motorist coverage must provide benefits to the insured, or the insured's heirs or legal representative, in the amount of damages an uninsured driver is liable to pay the insured, or the insured's heirs or legal representative, for bodily injury or wrongful death, not exceeding the coverage limit.[8] (Ins. Code, §11580.2, subd.(a)(1); *Haering v. Topa Ins. Co.* (2016) 244 Cal.App.4th 725, 733-734 (*Haering*).) Subdivision (a)(1) expressly excludes insurance policies providing only excess or umbrella coverage from this requirement.[9]

The parties agree that pursuant to section 11580.2, subdivision (a)(1), Komorsky, as an heir of an insured, Linda Liker, is entitled to coverage under the Farmers policy in the amount of damages the uninsured motorist is liable to Komorsky for the wrongful death of Linda Liker, not exceeding the policy limit. The dispute concerns whether the statute requires the same result under the Truck umbrella policy.[10]

---

[8]     See footnote 1, *ante,* page 2.

[9]     See footnote 1, *ante,* page 2.

[10]    Komorsky does not argue she was an "insured" as defined in the Truck policy.

10

Komorsky acknowledges section 11580.2, subdivision (a)(1) expressly does not apply to an excess or umbrella policy. She argues, however, it should apply to an umbrella policy if the ubrella includes an endorsement adding uninsured motorist coverage.

Whether section 11580.2 applies to the uninsured motorist coverage in the Truck umbrella policy is a question of statutory construction. "We review questions of statutory construction de novo. [Citation.] 'Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]' [Citation.] We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. [Citation.] If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views. [Citation.]" (*John v. Superior Court* (2016) 63 Cal.4th 91, 95-96.)

Section 11580.2, subdivision (a)(1) includes the language, "A policy shall be excluded from the application of this section if the automobile liability coverage is provided only on an excess or umbrella basis." This language plainly and unambiguously provides section 11580.2's requirements for uninsured motorist coverage do not apply to policies providing only umbrella or excess coverage, as courts have held without noting any ambiguity. (*Haering*, *supra*, 244 Cal.App.4th at p. 734; *Furlough v. Transamerica Ins. Co.* (1988) 203 Cal.App.3d 40, 47; *Wiemann v. Indus. Underwriters Ins. Co.* (1986) 177 Cal.App.3d 38, 44.) Komorsky does not argue the Truck umbrella policy provides any coverage other than excess or umbrella coverage.

11

Komorsky does not identify any purported ambiguity in the statutory language. Instead, she argues public policy compels the conclusion that any uninsured motorist coverage in an excess or umbrella policy that "follows form" to the underlying primary coverage must satisfy the requirements of section 11580.2 "to avoid fracturing families in wrongful death claims." We disagree. We may not interpret the statute in a manner contrary to its plain language to conform to an intention the Legislature never expressed. "In construing this, or any, statute, our office is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain or by reading out of it language it does. We may not rewrite the statute to conform to an assumed intention that does not appear in its language. [Citation.]" (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.)

Komorsky also argues *Schwartz v. State Farm Fire & Casualty Co.* (2001) 88 Cal.App.4th 1329 supports the proposition that section 11580.2 applies to all policies containing uninsured motorist coverage, including excess policies. In *Schwartz*, a primary policy and an excess policy both provided uninsured motorist coverage for the policyholders and their passengers. (*Id.* at pp. 1333.) A policyholder and a passenger suffered injuries in a collision. (*Id.* at pp. 1332-1333.) *Schwartz* held an excess insurer with knowledge of potentially competing claims exceeding policy limits has a duty to refrain from favoring one insured over another by paying policy limits to one insured and impairing the other's right to receive policy benefits. (*Id.* at pp. 1332-1333, 1338.) Contrary to Komorsky's argument, *Schwartz* did not suggest section 11580.2 applies to all excess policies providing uninsured motorist coverage.

12

Having concluded section 11580.2, subdivision (a)(1) does not modify the language of the Truck uninsured motorist endorsement, we next turn to the meaning of this endorsement. It provides, as noted above, "[f]or the additional premium paid, it is agreed that this policy will provide uninsured and/or underinsured motorist coverage(s) *payable to you and any other insured under this policy,* to the extent that either or both coverages are part of the underlying insurance." (Emphasis added.) Thus it provides the scope of uninsured motorist coverage will be the same as in the underlying Farmers policy. But as the italicized language makes clear, the identity of the insureds — i.e., those to whom uninsured motorist benefits are payable — is limited to "you" (defined in the policy only as Alan Liker and his spouse, Linda Liker) "and any other insured under this policy." As also noted above, as relevant here "insured" is defined as "you" and any relatives (as defined) living in "your" household. Because Komorsky was not living in the Liker's household, she was not an "insured" under the Truck endorsement. Therefore, by the endorsement's plain language, uninsured motorist benefits were not "payable to" her. (*Foster-Gardner, Inc. v. National Union Fire Ins. Co.* (1988) 18 Cal.4th 857, 868 [plain language of insurance contract governs policy interpretation].)

That the Truck umbrella policy may have been a "following form" policy does not lead to a contrary result. "A following form excess policy incorporates by reference the terms and conditions of the underlying primary policy. [Citation.] A following form excess policy generally will contain the same basic provisions as the underlying policy, with the exception of those provisions that are inconsistent with the excess policy. [Citation.] Any

13

inconsistency or conflict between the provisions of a following form excess policy and the provisions of an underlying primary policy is resolved by applying the provisions of the excess policy." (*Haering, supra,* 244 Cal.App.4th at p. 734.) Thus, the language in Truck's endorsement — not in the underlying Farmers policy— governs who will be paid by Truck.

We therefore conclude the trial court properly determined the uninsured motorist coverage in the Truck umbrella policy does not apply to Komorsky.

2. *The Trial Court Properly Denied Leave to File a Second Amended Complaint*

Komorsky contends the trial court erred in denying her leave to file a second amended complaint alleging causes of action for estoppel and reformation.

A. *Applicable Law*

A trial court may allow the amendment of a pleading in the furtherance of justice. (Code Civ. Proc., §§ 576, 473, subd. (a)(1).) Ordinarily, leave to amend a complaint should be liberally granted unless the opposing party would be prejudiced by the amendment. (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31; *P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345.) Leave to amend a complaint is properly denied, however, if the facts are undisputed and the proposed amendment would not establish a basis for liability as a matter of law. (*IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630, 653.) We review the denial of a motion for leave to amend a complaint for abuse of discretion. (*Ibid.*)

B. *Estoppel*

In her proposed second amended complaint, Komorsky seeks to allege Truck intended the heirs of an insured would be

insureds for purposes of uninsured motorist wrongful death claims. By investigating her claim, agreeing to arbitrate the amount of damages, and representing Truck did not deny coverage, she argues, Truck caused her to believe its uninsured motorist endorsement provided her coverage, inducing her detrimental reliance.

"There are four basic elements of equitable estoppel: (1) The party to be estopped must have known the facts; (2) the party to be estopped must have intended that its conduct would be acted upon, or it must have acted so as to have given the party asserting estoppel the right to believe that it was so intended; (3) the party asserting estoppel must have been ignorant of the true state of facts; and (4) the party asserting estoppel must have relied on the conduct to its injury." (*Saint Francis Memorial Hospital v. State Depart. of Public Health* (2018) 24 Cal.App.5th 617, 624.)

As a general rule, where coverage does not exist under an insurance policy it cannot be created by estoppel. " ' " '[I]t is the general and quite well settled rule of law that the principles of estoppel and implied waiver do not operate to extend the coverage of an insurance policy after the liability has been incurred or the loss sustained.' " [Citations.]' [Citations.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1154 (*Dollinger*); accord, *Advanced Network, Inc. v. Peerless Ins. Co.* (2010) 190 Cal.App.4th 1054, 1066 (*Advanced Network*); see also *Manneck v. Lawyers Title Ins. Corp.* (1994) 28 Cal.App.4th 1294, 1303 ["coverage under an insurance policy cannot be established by estoppel or waiver"].)

" ' " 'The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action

15

of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom, and the application of the doctrines in this respect is therefore to be distinguished from the waiver of, or estoppel to assert, grounds of forfeiture . . . .' " ' [Citation.]" (*Advanced Network*, *supra*, 190 Cal.App.4th at p. 1066; accord, *R & B Auto Center, Inc. v. Farmers Group, Inc.* (2006) 140 Cal.App.4th 327, 352.) While an insurer may be estopped to assert grounds for forfeiture of policy benefits, the estoppel doctrine may not be used to create coverage not provided by the policy. (*Advanced Network*, *supra*, 190 Cal.App.4th at p. 1066; *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64, 77.)

An exception to the rule against coverage by estoppel applies where a liability insurer defends an action against its insured without reserving the right to deny coverage. (*Dollinger*, *supra*, 199 Cal.App.4th at p. 1154; *Miller v. Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 755.) The exception is inapplicable here, however, because Komorosky is not an insured under Truck's uninsured motorist endorsement and Truck did not defend any action against her.

Komorsky attempts to distinguish the line of cases denying coverage by estoppel, arguing the rule applies only if the policy does not provide the type of coverage the insured seeks to establish. Cases applying the rule against coverage by estoppel typically involve an insured seeking coverage for a type of claim not covered by the policy. (E.g., *Dollinger*, *supra*, 199 Cal.App.4th at p. 1152-1153 [title policy did not provide coverage for insured's claim]; *Advanced Network*, *supra*, 190 Cal.App.4th at p. 1058 [liability policy did not provide coverage for third party

16

claim against the insured].) Here, in contrast, the reason for the lack of coverage is not the type of claim (i.e. uninsured motorist) but the fact that Komorsky is neither an insured under the Truck policy nor entitled to coverage by operation of law under section 11580.2, subdivision (a)(1). Komorsky does not explain why the rule against coverage by estoppel should apply only if the party claiming estoppel is an insured, and provides no persuasive reason to limit the rule in such a manner.

Komorsky cites *Monarco v. Lo Greco* (1950) 35 Cal.2d 621 and *Barnes, Crosby, Fitzgerald & Zeman, LLP v. Ringler* (2012) 212 Cal.App.4th 172 in support of her argument for estoppel. *Monarco* and *Barnes* did not involve insurance coverage, however, and provide no support for coverage by estoppel.

Komorsky also cites *Travelers Ins. Co. v. Lesher* (1986) 187 Cal.App.3d 169 (*Travelers*), disapproved on other grounds in *Buss v. Superior Court* (1997) 16 Cal.4th 35, 50, footnote 12, for the proposition that an insurer can be estopped from denying coverage. In that case, an insurer defended its insured under a reservation of rights. (*Travelers, supra,* 187 Cal.App.3d at p. 182.) The trial court later determined the insurer had no duty to indemnify or defend its insured. (*Id.* at p. 184.) Meanwhile, a jury found the insurer failed to conduct the defense in good faith and with due care, and awarded the insured compensatory and punitive damages. (*Id.* at p. 181.) The court entered a judgment declaring the absence of a duty to indemnify or defend and awarding the insured damages on the jury verdicts. (*Id.* at p. 184.) On appeal, the insurer did not contend there was no basis for liability (*id.* at p. 187), and the opinion did not discuss estoppel. " 'An opinion is not authority for propositions not

17

considered.' " (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680.)

We conclude Komorsky is not entitled to coverage by estoppel. The trial court therefore properly denied leave to amend.

C. *Reformation*

Komorsky seeks to allege in her proposed second amended complaint, "Based on TRUCK's representations, omissions and conduct, TRUCK intended that the heirs of Linda LIKER, including plaintiff and FOGELMAN, would be insured for purposes of any uninsured motorist wrongful death claim under its UM/UIM endorsement which was in full force and effect, and TRUCK and FARMERS GROUP, INC. knew or reasonably suspected the written insurance contract it authored and produced did not truly and accurately express the intentions of the parties, so that it should be revised to express that KOMORSKY and FOGELMAN are insureds as heirs of LINDA LIKER . . . ."

Civil Code section 3399 provides, "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

Reformation is an equitable remedy the essential purpose of which is to ensure the contract, as reformed, reflects the parties' mutual intention. (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 908; *Jones v. First American Title Ins. Co.* (2003) 107 Cal.App.4th 381, 389.) "In reforming the

18

written agreement, a court may 'transpose[ ], reject[ ], or suppl[y]' words [citation], but has ' "no power to make new contracts for the parties " ' [citation].  Rather, the court may only reform the writing to conform with the mutual understanding of the parties at the time they entered into it, if such an understanding exists. [Citation.]"  (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 524.) "Reformation may be had for a mutual mistake or for the mistake of one party which the other knew or suspected, but in either situation the purpose of the remedy is to make the written contract truly express the intention of the parties."  (*Lemoge Electric v. County of San Mateo* (1956) 46 Cal.2d 659, 663.)

A complaint for reformation based on mutual mistake must allege "facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear.  [Citations.]"  (*Auerbach v. Healy* (1916) 174 Cal. 60, 63 (*Auerbach*); accord, *Lane v. Davis* (1959) 172 Cal.App.2d 302, 309.)  If the mistake was unilateral, "which the other at the time knew or suspected" (Civ. Code, § 3399), the complaint must allege supporting facts, and the plaintiff may not rely on conclusory allegations.  (*Auerbach*, *supra,* 174 Cal. 60 at p. 63; *George v. Automobile Club of Southern California* (2011) 201 Cal.App.4th 1112, 1132-1133.)

The proposed second amended complaint alleges Truck's conduct in connection with Komorsky's claim for benefits shows Truck's prior intention to include Komorsky as an insured under the policy.  But it alleges no facts regarding the intention of Alan and Linda Liker (assuming arguendo that Linda Liker was a contracting party) in this regard.  It does not allege the Likers intended the uninsured motorist coverage under the Truck umbrella policy to apply to Komorsky as the heir of an insured,

alleges no facts showing why the endorsement does not reflect such a mutual intention, and alleges no facts showing the Likers knew of or suspected any unilateral mistake. Komorsky does not claim she could truthfully allege such facts. We conclude the complaint fails to allege facts sufficient to justify reformation. The trial court therefore properly denied leave to amend.

In light of our conclusions, the contention that Farmers Group, Inc. is a proper defendant is moot.

## DISPOSITION

The judgment is affirmed. Farmers and Truck are entitled to costs on appeal.

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.

Filed 3/29/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MELISSA KOMORSKY, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> FARMERS INSURANCE EXCHANGE et al., <br><br>     Defendants and Respondents. | B286443 <br><br> (Los Angeles County <br> Super. Ct. No. BC608113) <br><br> ORDER MODIFYING OPINION, CERTIFYING OPINION FOR PUBLICATION AND DENYING REHEARING |

THE COURT:

The opinion filed on March 1, 2019, is hereby modified as follows:

1. On page 7, line 18, the word "Niether" is deleted and replaced by "Neither";

2. On page 11, line 4, the word "ubrella" is deleted and replaced by "umbrella";

3. On page 12, lines 21-22, the language "(*Id*. at pp. 1333.)" is deleted and replaced by "(*Schwartz*, at p. 1333.)"

The opinion filed on March 1, 2019, was not certified for publication in the Official Reports. For good cause, the opinion is hereby certified for publication in the Official Reports.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____ _____
MANELLA, P.J.                     COLLINS, J.

1