NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | No.   19-56375 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-07740-R-KES |
| v. | |
| WINSTAR PROPERTIES, INC., a California Corporation; MANHATTAN MANOR, LLC., a limited liability company, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 19, 2021
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LYNN,** District Judge.

Defendants Winstar Properties, Inc. ("Winstar") and Manhattan Manor, LLC

("Manhattan") appeal the district court's grant of summary judgment to Plaintiff

Evanston Insurance Company ("Evanston").  We have jurisdiction under 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

§ 1291, and we review de novo the district court's ruling on a motion for summary judgment. *Universal Cable Prods., LLC v. Atl. Specialty Ins. Co.*, 929 F.3d 1143, 1151 (9th Cir. 2019). We view the evidence in the light most favorable to the party against whom summary judgment is granted. *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). We affirm in part, reverse in part, and remand.[1]

In this insurance coverage dispute, Evanston sought declaratory relief that the Tenant Discrimination Liability Insurance Policy (the "Policy") it issued to Winstar did not require Evanston to defend or indemnify Winstar or Manhattan in a third-party lawsuit filed against them, *Adela Hernandez, et al. v. Winstar Properties, Inc., et al.*, Case No. 2:16-cv-04697-ODW-KS (C.D. Cal. 2016). Evanston also claimed that it was entitled to recover the costs it incurred in defending Winstar and Manhattan in the *Hernandez* action.

Under California law, a liability insurer has a broad duty to defend against claims that create a potential for indemnity. *Montrose Chem. Corp. of Cal. v. Superior Ct.*, 861 P.2d 1153, 1157 (Cal. 1993). The insurer has a "duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005). Because the duty to defend is broader

---

[1] The parties are familiar with the facts and we recount them only as necessary to resolve the issues on appeal.

than the duty to indemnify, "a determination that there is no duty to defend automatically means that there is no duty to indemnify." *Certain Underwriters at Lloyd's of London v. Superior Ct.*, 16 P.3d 94, 104 (Cal. 2001) (internal citation and quotations omitted).

The district court correctly determined that Evanston did not have a duty to defend or indemnify Winstar or Manhattan in the *Hernandez* action. The Policy covered wrongful discrimination claims if "[t]he entirety of the Wrongful Discrimination happens during the Policy Period or on or after the Retroactive Date . . . and before the end of the Policy Period[.]" Under the facts alleged and those reasonably inferable, the First Amended Complaint in the *Hernandez* action could not be fairly amended to state a liability covered by the Policy, since at least part of the claim predated the Policy Period.[2]

However, fact issues exist as to whether Evanston is entitled to recover the costs it incurred in defending Winstar and Manhattan in the *Hernandez* action. If an insurer has reserved its rights, it "may recover from its insured the costs it expended to provide a defense which, under its contract of insurance, it was never obliged to furnish." *Scottsdale Ins. Co.*, 115 P.3d at 468. "An insurer can reserve its right to

---

[2] Winstar and Manhattan request that the panel take judicial notice of the special verdict form completed by the jury in the *Hernandez* action. Their Request for Judicial Notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").

assert noncoverage unilaterally merely by giving notice to the insured. . . ." *Blue Ridge Ins. Co. v. Jacobsen*, 22 P.3d 313, 317 (Cal. 2001) (internal citation omitted); *see also Val's Painting & Drywall, Inc. v. Allstate Ins. Co*., 126 Cal. Rptr. 267, 273 (Ct. App. 1975) ("The insurer need only notify, or attempt to notify, the [in]sured that it is conducting the investigation and defense of the [ ] claim under a reservation of the right to assert policy defenses at a later time. . . .).

Evanston maintains that on July 20, 2017, it sent Winstar and Manhattan a letter containing a reservation of rights (the "July 2017 Letter") and that its reservation of rights remained in effect on September 12, 2017, when Evanston agreed to participate in Winstar and Manhattan's defense in the *Hernandez* action. Evanston argues that the July 2017 Letter is presumed to have been sent and received under the common law mailbox rule. Evanston relies on internal notes of an Evanston claim director, and the Answer to the Complaint, which did not deny that Evanston acknowledged receipt of the *Hernandez* action on July 20, 2017.

Winstar and Manhattan respond that Evanston did not send them the July 2017 Letter.[3] Winstar and Manhattan submit a declaration by Rachel Teller, a managing

---

[3] Winstar and Manhattan also argue that, even if Evanston sent the July 2017 Letter, it is not an adequate reservation of rights. The July 2017 Letter states in pertinent part:

> This letter does not address the availability, if any, of insurance coverage or benefits under the above-referenced policy or any other policy. Nothing in this letter shall be construed as a waiver of any of the rights or defenses that Evanston Insurance Company may have under the policy, nor as an admission of any liability whatsoever of Evanston Insurance Company. Evanston Insurance Company

member of Winstar, stating that "[t]he first time anyone from Evanston communicated with Winstar or Manhattan directly regarding Winstar and Manhattan's claim for defense and indemnity in the [*Hernandez*] Action was on or about September 11, 2017."

Based on the record, fact issues exist as to whether Evanston sent the July 2017 Letter. Evanston's reliance on the mailbox rule is unfounded, because Evanston has not provided direct evidence that the July 2017 Letter was actually sent nor circumstantial evidence of its customary mailing practices. *See, e.g.*, *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1199–1201 (9th Cir. 1999) (applying the mailbox rule where defendant presented evidence that as part of its regular course of business a standardized collection letter had been printed and, in accordance with standard practice, mailed to the plaintiffs). Further, Winstar and Manhattan's Answer to Evanston's Complaint puts in issue the question of whether Evanston sent them the July 2017 Letter.

Evanston claims that, even if the July 2017 Letter was not sent, it reserved its rights in a letter sent on February 16, 2018 (the "February 2018 Letter"). Winstar

---

reserves all rights under the policy, at law, and in equity, including the right to disclaim coverage in whole or part.

Based on the plain language of the July 2017 Letter, we determine that it constitutes an adequate reservation of rights as a matter of law. *See State Farm Fire & Cas. Co. v. Jioras*, 29 Cal. Rptr.2d 840, 844 (Ct. App. 1994) ("[A] generalized reservation of rights has been deemed adequate by the courts.").

and Manhattan admit to receiving the February 2018 Letter, but argue that the doctrines of waiver and estoppel prevent Evanston from asserting coverage defenses.

It is a well-settled general rule that waiver and estoppel do not apply to create coverage for losses that a policy, by its terms, does not cover. *Komorsky v. Farmers Ins. Exch.*, 245 Cal. Rptr.3d 623, 634 (Ct. App. 2019). However, there is an exception to this rule when a third-party liability insurer defends an action against the insured without reserving the right to deny coverage:

> [I]f a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. In other words, the insurer's unconditional defense of an action brought against its insured constitutes a waiver of the terms of the policy and an estoppel of the insurer to assert such grounds.

*Dollinger DeAnza Assocs. v. Chicago Title Ins. Co.*, 131 Cal. Rptr.3d 596, 612 (Ct. App. 2011) (citing *Miller v. Elite Ins. Co.*, 161 Cal. Rptr. 322, 331 (Ct. App. 1980)).

If at trial it were determined that the July 2017 Letter was not sent, the district court would be obliged to consider Winstar and Manhattan's waiver and estoppel arguments, because in that scenario, Evanston would have undertaken an unconditional defense of the *Hernandez* action on September 12, 2017, at least until February 16, 2018.

We see no error in the district court's summary judgment ruling that the Policy does not cover the claims against Winstar and Manhattan. But we reverse and

remand for a determination of whether the July 2017 Letter was sent and, depending on the outcome of that question, any further proceedings necessary to resolve the defenses of waiver and estoppel.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.  The parties shall bear their own costs on appeal.

19-56375